UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

K.A.,[1]

    Petitioner,

v.

CHARLES GREEN,

    Respondent.

Civil Action No. 19-3599 (SDW)

OPINION

**WIGENTON,** District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, K.A., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 8), to which Petitioner replied. (ECF No. 9). For the reasons set forth below, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Because Petitioner's current immigration detention has been the subject of considerable prior litigation, and because his current challenge focuses entirely on the bond hearing he received last fall, only a brief recitation of the background of that bond hearing is necessary for the purposes

---

[1] After filing his habeas petition in this matter, Petitioner filed with the Court a motion seeking to seal or otherwise restrict access to the docket of this matter (ECF No. 4), an action he has taken in both of his prior habeas petitions and on appeal before the Third Circuit. *See, e.g., K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *2 (D.N.J. Aug. 7, 2018). In these prior occasions, both courts in this district and the Third Circuit have denied Petitioner's motions to fully seal the record in light of the restricted access applicable to immigration proceedings such as this habeas matter, but have granted the motion solely to the extent that Petitioner shall be referred to by his initials only. This Court will follow suit, and will deny Petitioner's motion to seal to the extent he seeks to seal the entire record of this matter, but will grant the motion solely to the extent that Petitioner shall be referred to in this opinion by his initials. *Id.*

1

of this opinion. As retired Chief Judge Linares explained in his opinion denying Petitioner's motion to reopen his prior habeas petition,

> On August 7, 2018, [Judge Linares] entered an order and opinion granting Petitioner[] . . . a bond hearing. In granting Petitioner a bond hearing, [the court] indicated that "[a]t the hearing the Government [will be required] to produce individualized evidence that [Petitioner's] continued detention was or is necessary to further the goals of § 1226(c) – specifically ensuring that Petitioner presents neither a danger to the community nor a flight risk."
>
> Petitioner thereafter received a bond hearing. On August 17, 2018, the immigration judge who conducted the hearing denied Petitioner bond by way of a written opinion. In that opinion, the immigration judge clearly identified the burden of proof it was applying:
>
>> Once an alien's detention is found to be unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute. *Diop* [*v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011)] (holding that [§ 1226(c)] is "only unconstitutional when it is applied to detain someone for an unreasonable length of time without further individualized inquiry into whether detention is necessary to carry out the purposes of the statute."). [The Government] must establish with evidence particular to the alien that continuing to detain him or her is necessary to ensure that the alien attends removal hearings or that his or her release will pose a danger to the community. *Diop*, 656 F.3d at 233; *Leslie* [*v. Att'y Gen.*, 678 F.3d 265, 271 (3d Cir. 2012)]; *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 478 (3d Cir. 2015).
>
> The immigration judge then went on to apply that standard to the facts presented to it and concluded that Petitioner was both a flight risk and a danger to the community, and that his detention therefore was necessary to fulfill the purposes of § 1226(c). In finding Petitioner a danger to the community, the immigration judge noted that Petitioner had a lengthy criminal history including both theft and drug charges, and that Petitioner's recent paucity of charges was the direct result of Petitioner "largely being

> incarcerated since 2001 – from 2001 to 2008, and from 2011 to [the present]" and that the lack of recent criminal activity "is not necessarily indicative of any rehabilitation." The immigration judge also noted that during Petitioner's brief period of release on bond between 2008 and 2011, Petitioner had not entirely avoided law enforcement as he had received "a few motor vehicle traffic violations" during that time. Although the immigration judge noted that Petitioner had received a disciplinary infraction during his stay in the Essex County Jail, the judge does not appear to have relied on that charge in concluding that the Government had established that Petitioner was a danger to the community and that Petitioner had failed to rebut the Government's proof of that status. The immigration judge also rejected Petitioner's argument that he was not a flight risk, finding that Petitioner's lengthy criminal history and previous denials of relief from removal also made him a flight risk. The immigration judge thus concluded that the Government had "met its burden of establishing that [Petitioner]'s continued detention is necessary to fulfill the statute's purposes" and denied Petitioner bond.

*K.A. v. Green*, No. 18-3436, 2018 WL 4676049, at *1 (D.N.J. Sept. 26), *reconsideration denied*, 2018 WL 6003541 (Nov. 14, 2018).

Following the denial of bond, Petitioner filed a motion to reopen his previous habeas petition in which he argued that the immigration judge had applied the wrong standard of proof and had in any event failed to apply the standard of proof and burden provided by the order granting him a bond hearing. *Id.* at *2. Judge Linares denied that order, finding that the immigration judge had applied the burden of proof and standard provided for by his order granting a bond hearing, and that as the immigration judge had provided Petitioner with a bona fide bond hearing and applied the proper standard and burden, the court was without jurisdiction to second guess the discretionary determination of the immigration judge that Petitioner was a danger to the community and a flight risk. *Id.* at *2-3. Judge Linares also rejected Petitioner's argument that the immigration judge had failed to consider his submissions showing that a jail disciplinary proceeding had terminated in his favor. *Id.* at 3.

Petitioner thereafter filed a motion for reconsideration, which Judge Linares denied in November 2018. In that motion, Petitioner repeated many of the same arguments, but chiefly argued that the immigration judge should have been required to find him dangerous or a flight risk under a "clear and convincing evidence" standard rather than by a preponderance of the evidence, and that the Third Circuit's decision in *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208 (3d Cir. 2018), required such a standard in all immigration related bond hearings. *See K.A.*, 2018 WL 6003541 at *1-2. Judge Linares rejected that argument, explaining that

> [a]lthough Petitioner contends that *Guerrero-Sanchez* mandated that he receive a bond hearing applying the clear and convincing evidence standard, Petitioner is mistaken. *Guerrero-Sanchez* discussed only the entitlement to a bond hearing for those detained pursuant to 8 U.S.C. § 1231(a)(6) – a statute that does not apply to Petitioner, who is awaiting the outcome of his petition for review before the Third Circuit and is subject to a stay of removal. He is instead detained pursuant to § 1226(c). *Guerrero-Sanchez* was entirely silent as to the standard applicable to bond hearings ordered for those held pursuant to § 1226(c), and thus its holding does not apply to those such as Petitioner. *Guerrero-Sanchez*, 905 F.3d at 223-26. The Third Circuit has not yet required the clear and convincing evidence standard for bond hearings ordered for those held under § 1226(c), and this Court did not require the use of that standard by the Immigration Judge in its order granting Petitioner a bond hearing, and Petitioner is thus mistaken in his belief that he is now retroactively entitled to a bond hearing held under the clear and convincing evidence standard.

*Id.* at *2.

Petitioner also filed an appeal of his bond denial to the Board of Immigration Appeals. (*See* Document 8 attached to ECF No. 8 at 3). On December 7, 2018, the BIA entered an order affirming the denial of bond and dismissing that appeal. (*Id.*). In so doing, the BIA agreed with the immigration judge that Petitioner's considerable criminal history, lengthy incarcerations, and minor run-ins with the law during three of the last approximately twenty years that he was not incarcerated all presented individualized, "probative and specific" evidence of Petitioner's danger

4

to the community which was sufficient to establish Petitioner's danger over and above any evidence of rehabilitation Petitioner had submitted. (*Id.* at 4-5). The BIA then rejected Petitioner's contention that the immigration judge had improperly relied on a dismissed or expunged jail disciplinary infraction in finding him dangerous, noting that the immigration judge's "decision . . . does not reflect that he relied on this information to support his dangerousness finding," but noted that, even had the judge relied upon the charge, Petitioner had failed to show the evidence could not be considered Petitioner had only established that he charge had been expunged or dismissed, and had not provided any further information about what had occurred. (*Id.* at 5). The BIA further found support for the dangerousness finding in Petitioner's continued "med/high" security jail classification. (*Id.*). The BIA also rejected Petitioner's contention that an improper burden had been applied or an improper standard of proof, noting, as did Judge Linares, that the immigration judge had applied the standard set forth in the order granting bond and established in *Chavez-Alvarez*, 783 F.3d at 475. (*Id.*). Because the BIA upheld the finding of dangerousness, the Board declined to address the immigration judge's finding that Petitioner was a flight risk as dangerousness alone was a sufficient basis to deny bond. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is

currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his habeas petition, Petitioner seeks to challenge the propriety of the bond hearing he received following the granting of his previous habeas petition. This Court's jurisdiction to review bond hearings is extremely limited. Where a § 1226(c) detainee has already received a bona fide bond hearing, a district court "does not have the power to second guess the discretionary decision of the [immigration judge] to deny . . . release on bond." *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 5, 2016); *see also* 8 U.S.C. § 1226(e) (the "Attorney General's discretionary judgment regarding the [granting or denial of bond] shall not be subject to review. No court may set aside any action or decision [of an immigration judge] regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole"). A petitioner who has already received such a hearing may therefore only challenge the denial of his request for release on bond by showing that his bond hearing was not bona fide – i.e. that it was conducted in violation of Due Process or was otherwise unlawfully conducted. *Pena*, 2016 WL 74410 at *2; *see also Colon-Pena v. Rodriguez*, No. 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018). To the extent Petitioner's habeas petition essentially presents his disagreement with the immigration judge or BIA's weighing of the evidence and ultimate conclusions, rather than the process by which those conclusions were released, this Court is without authority to review those

6

conclusions. Petitioner's mere disagreement with the immigration judge is patently insufficient to warrant relief or a second bond hearing.

Petitioner contends throughout his petition both that the immigration judge and BIA applied the incorrect standard of proof and that they improperly shifted the burden of proof to him to disprove his dangerousness to the community. As part of that argument, Petitioner once again argues that his bond hearing should have been held under the clear and convincing evidence standard, relying upon *Guerrero-Sanchez* as he did in his reconsideration motion in his prior habeas petition. This Court, however, fully agrees that the immigration court was in no way required to apply that heightened standard in Petitioner's bond hearing. In the order granting relief, ordered only that the Government would bear the burden of proof at Petitioner's bond hearing and that the Government was required to show that Petitioner was either a flight risk or a danger to the community. Nothing in that order required the application of a burden of proof beyond a preponderance of the evidence. Contrary to Petitioner's assertion, and as was explained to Petitioner in the denial of his reconsideration motion, *Guerrero-Sanchez* likewise does not require the application of a heightened standard of proof in § 1226(c) cases. *Guerrero-Sanchez* held only that the clear and convincing evidence standard be applied in bond hearings held for alien's detained pursuant to 8 U.S.C. § 1231(a) and was utterly silent as to the burden of proof applicable in § 1226(c) cases. 905 F.3d at 223-26. Although the Court found the liberty interests of § 1231(a) detainees similar to § 1226 detainees, it did so by comparison to discretionary detainees held pursuant to § 1226(a) – detainees who bear the burden of proof in their own bond hearings. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("under § 1226(a) the burden remains on the detainee at all times" in any and all bond hearings). *Guerrero-Sanchez* is thus inapplicable to Petitioner, and the only Third Circuit case law on point are *Diop*

7

and *Chavez-Alvarez*, both of which apply the very standard ordered by Judge Linares, and applied by both the immigration judge and the BIA. *See Chavez-Alvarez*, 783 F.3d at 474-79.

Petitioner further contends that both the immigration judge and the BIA improperly shifted the burden of proof to him to disprove his dangerousness during his hearing and appeal.[2] Having reviewed both decisions, however, it is clear that this is simply not the case. Although the immigration judge and the BIA both noted that Petitioner had either failed to rebut the Government's showing that he was a danger to the community or failed to persuade the BIA that there was sufficient evidence in the record to overcome the showing of dangerousness found by the immigration judge, neither statement indicates a shifting of the burden. Both the BIA and the immigration judge clearly identified the proper standard of proof and burden – that the burden was on the Government to prove that Petitioner was either a flight risk or danger to the community – and applied that standard and burden to the evidence. Neither court placed the burden on Petitioner to prove he wasn't a flight risk, instead they merely observed that the evidence Petitioner had supplied did not rebut the determination that he was a danger to the community – a question which would only arise if the Government met its burden to the satisfaction of the immigration courts – and thus the immigration courts found the totality of the evidence established Petitioner's dangerousness. Having reviewed the underlying decisions, it is clear that the burden was not

---

[2] By nature of the fact that Petitioner was the appellant before the BIA, the Court recognizes that there was a burden on Petitioner on appeal to show that the immigration judge's factual findings were "clearly erroneous" in order to have those determinations overturned on appeal. *See* 8 C.F.R. §1003.1(d)(3)(i). As the appellant, that burden was properly on Petitioner. This appellate burden aside, however, the Board's decision contains no indication that Petitioner was required to prove he was not a danger to be entitled to bond in his bond hearing, and the Board's decision instead indicates that the Board was well aware and properly applied the appropriate burden – that the Government was required to prove Petitioner was a burden.

shifted to Petitioner, and any suggestion to that effect by Petitioner amounts to a misreading or mischaracterization of the immigration court bond decisions.

Petitioner also repeats in his current petition his contention from his motion to reopen his previous habeas petition that the immigration judge's findings were not individualized and did not include a full and proper consideration of the evidence Petitioner submitted, including his documents which indicated that his recent jail disciplinary charge had been dismissed or expunged. As explained by Judge Linares in denying Petitioner's motion to reopen, the immigration judge's decision, and in turn the decision of the BIA,

> bel[y] these assertions. The immigration judge's opinion clearly indicates that the judge considered Petitioner's extensive record, his history of incarceration, and the lack of evidence that Petitioner had been rehabilitated and would not pose a risk were he released once more. The judge also considered the mitigating evidence presented by Petitioner and found it wanting. This indicates that the judge considered not only Petitioner's past danger and risk, but also that which he currently poses, permitted Petitioner to attempt to rebut the showing of the Government, and ultimately found that the evidence submitted by the Government firmly established Petitioner to currently be both a flight risk and a danger to the community. Petitioner's contentions are thus without merit, and his arguments amount to little more than disagreement with the immigration judge's conclusions, which is patently insufficient to warrant further relief.

*K.A.*, 2018 WL 4676049 at *2-3. The record thus clearly indicates that Petitioner received the individualized consideration that *Chavez-Alvarez* requires. The immigration courts considered the evidence he submitted, including the dismissal of his disciplinary charges – a point made clear by the BIA. Petitioner has thus not shown that he was denied Due Process at his bond hearing.

In the remainder of his arguments, and throughout his petition, Petitioner provides only his own disagreement with the immigration judge and BIA's weighing of the facts. Petitioner's subjective disagreement with the ultimate conclusions of the immigration judge and BIA, however,

9

are not subject to review by this Court. *Pena*, 2016 WL 74410 at *2; 8 U.S.C. § 1226(e). Because Petitioner has failed to show that he was denied Due Process or that his bond hearing was otherwise unlawfully conducted, because this Court is without authority to second-guess the discretionary determination of the immigration judge to deny Petitioner bond, and because Petitioner's mere disagreement with the immigration judge or BIA is patently insufficient to warrant a new bond hearing or other relief, Petitioner has failed to show his entitlement to relief and his habeas petition is denied.

## III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition is denied. An appropriate order follows.

Dated: July 10, 2019

                                          *s/ Susan D. Wigenton*
                                          Hon. Susan D. Wigenton,
                                          United States District Judge